IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMIN H. GIBBS,<br>    Petitioner, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 20-CV-1619 |
| SUPERINTENDENT<br>LEE ESTOCK, *et al.*,<br>    Respondents. | :<br>:<br>:<br>: |

## ORDER

State prisoner Amin Gibbs has filed a single *pro se* Objection to Magistrate Judge Heffley's recommendation that I deny habeas relief. (R&R, Doc. No. 18; Objs., Doc. No. 19); 28 U.S.C. § 2254. I will overrule Gibbs's Objection, adopt Judge Heffley's Report and Recommendation, and deny the Petition without prejudice.

## I.    LEGAL STANDARDS

I must review *de novo* those portions of Judge Heffley's Report to which timely, specific objections have been made. 28 U.S.C. § 636(b)(1)(C). Although I construe *pro se* habeas petitions liberally, "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review." Gray v. Delbiaso, No. 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017). "Where objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled." Prout v. Giroux, No. 14-3816, 2016 WL 1720414, at *11 (E.D. Pa. Apr. 29, 2016); see also Guzman v. Rozum, No. 13-7083, 2017 WL 1344391, at *9 (E.D. Pa. Apr. 12, 2017) ("[F]ederal district courts are not required to engage in *de novo* review of objections to a Magistrate's R&R that lack specificity."); Luckett v. Folino, No. 1:09-CV-0378, 2010 WL

3806822, at *1 (M.D. Pa. 2010) (overruling objections to R&R because "[e]ach of these objections seeks to re-litigate issues already considered and rejected by [the] Magistrate Judge[.]")

## II. BACKGROUND

On December 11, 2014, after a jury trial in the Philadelphia Common Pleas Court, Gibbs was found guilty of aggravated assault, illegal firearm possession, and carrying a firearm on a public street in Philadelphia. Commonwealth v. Gibbs, No. 1711 EDA 2016, 2018 WL 151366, at *1 (Pa. Super. Ct. Mar. 28, 2018) [hereinafter "Super. Ct. Op."]; see also Docket at 9, Commonwealth v. Gibbs, No. CP-51 CR-0004779-2013 (Pa. Ct. Com. Pl. Phila. Cnty.) [hereinafter "Docket I"]; Docket at 10, Commonwealth v. Gibbs, No. CP-51-CR-0004781-2013 (Pa. Ct. Com. Pl. Phila. Cnty.) [hereinafter "Docket II"]. On April 8, 2015, the trial court sentenced Gibbs to an aggregate term of 17 ½ to 35 years' imprisonment. Super. Ct. Op. at *1. Gibbs filed a timely post-verdict motion, which was denied on August 11, 2015. Id. at *2. On February 5, 2016, Gibbs filed a timely PCRA petition requesting reinstatement of his direct appeal rights *nunc pro tunc*. Id. The PCRA Court granted the petition on May 6, 2016, and Gibbs's timely direct appeal followed. Id. The Pennsylvania Superior Court affirmed the judgment of sentence on March 28, 2018. Id. at *9. Gibbs did not seek allocatur.

On February 22, 2017, while his direct appeal was pending, Gibbs, *pro se*, filed a second PCRA petition. Docket I at 13; Docket II at 14. On March 27, 2018, the PCRA Court notified Gibbs of its intention to dismiss the second petition as premature because of the pending appeal. (Resp'ts' Br 3, Doc. No. 15.) Following the Superior Court's decision on direct appeal, Gibbs filed a response to the notice to dismiss, informing the PCRA Court that his appeal was no longer pending and asking the PCRA Court to review the merits of his PCRA petition. (Id.) On November 12, 2019, the PCRA Court dismissed the PCRA petition. Docket I at 17; Docket II at

2

18. On November 20, 2019, Gibbs filed a notice of appeal with the Superior Court. Docket I at 17; Docket II at 18. That appeal currently *remains pending* before the Superior Court. See Docket, Commonwealth v. Gibbs, No. 3426 EDA 2019 (Pa. Super. Ct.) [hereinafter "Superior Ct. Docket"]; Docket, Commonwealth v. Gibbs, No. 3427 EDA 2019 (Pa. Super. Ct.).

While his appeal was pending, Gibbs filed the instant Petition on March 17, 2020, raising claims of ineffective assistance of trial and appellate counsel, trial-court error, and violations of Brady v. Maryland, 373 U.S. 83 (1963). On January 14, 2021, Gibbs filed an Amended Habeas Petition. (Doc. No. 14.) Respondents contend that Gibbs' Amended Petition should be dismissed without prejudice for failure to exhaust state court remedies. (Resp'ts' Br. at 4-5.)

### III. OBJECTION

Judge Heffley concluded that Gibbs has failed to exhaust because his appeal is still pending. See, e.g., Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004); Thompson v. Beard, 2006 WL 2433400, at *3-4 (M.D. Pa. Aug. 21, 2006) (dismissing without prejudice where petitioner's PCRA appeal was still pending before the Superior Court); (R&R 4). Gibbs objects that Judge Heffley should have nonetheless found his claims to be exhausted. This sole Objection is not entitled to *de novo* review, however, as it simply rehashes contentions already considered and rejected by Judge Heffley. See, e.g., Gray, 2017 WL 2834361, at *4. For example, Gibbs argues that he has exhausted his claims because: (1) "[he] did give the state courts full & fair opportunity to resolve his constitutional (Fed. & Pa.) issues"; (2) the District Court already "took jurisdiction" without the Superior Court having ruled on his appeal; and (3) exhaustion "cannot turn upon whether a state appellate ct. chooses to ignore in its opinion a federal constitutional claim . . . ." (Pet. Resp. Br., Doc. No. 17.) None of these arguments is responsive to Judge Heffley's ruling that the pending Superior Court appeal renders the instant Petition unripe for Federal review.

3

Yet, Gibbs repeats these same arguments practically verbatim in his Objection. (See Objs. 2, 4-5, 8.)

Moreover, Gibbs entirely ignores Judge Heffley's further conclusion that a dismissal without prejudice, rather than a stay and abeyance, is the proper course at this time. (R&R 4-5.)

In sum, because Gibbs has failed to present any actual objections to the Report, *de novo* review is not called for. See, e.g., Becker v. Tennis, 2011 WL 2550544, at *1 n. 3 (E.D. Pa. June 23, 2011) (declining to address objections that were "nothing more than a restatement of the underlying claims contained in [defendant's] petition."). I have nonetheless closely reviewed Judge Heffley's Report and Recommendation, which is plainly correct. Accordingly, I will adopt it and deny relief.

IV.   **CONCLUSION**

**AND NOW**, this 7th day of May, 2021, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 2), the Amended Habeas Petition (Doc. No. 14), Respondents' Response (Doc. No. 15), Petitioner's Reply to Respondents' Response (Doc. No. 17), and after review of the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (Doc. No. 18), and Petitioner's Objection (Doc. No. 19) it is hereby **ORDERED** as follows:

1. The Report and Recommendation (Doc. No. 18) is **APPROVED** and **ADOPTED**;
2. Gibbs's Objection (Doc. No 19) is **OVERRULED**;
3. The Amended Petition for a Writ of Habeas Corpus is **DISMISSED without prejudice**;
4. I will **DENY** Gibbs habeas relief without a hearing because the record conclusively demonstrates that he is not entitled to such relief. See United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008);

5.  I will not issue a certificate of appealability because reasonable jurists would not debate the correctness of my ruling.  See <u>Slack v. McDaniel,</u> 529 U.S. 473, 484 (2000);

6.  Respondents shall mail a copy of this Order to Gibbs; and

7.  The Clerk of Court shall **CLOSE** this case.

                                                        **AND IT IS SO ORDERED.**

                                                        */s/ Paul S. Diamond*
                                                        _____
                                                        Paul S. Diamond, J.